IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

K. CARLA MATHEWS-GRAHAM
and BRUCE GRAHAM
W383 N6305 Sand Beach Road
Oconomowoc, WI 53066,

        Plaintiffs,

and

WEA INSURANCE CORPORATION,
a Wisconsin insurance corporation,
c/o Michael L. Stoll, Registered Agent
45 Nob Hill Road
Madison, WI 53713,

        Involuntary Plaintiff,

v.

UNITED STATES OF AMERICA,
c/o Steven M. Biskupic, United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, WI 53202,

KATHLEEN L. SHINKLE
5236 Cherokee Court
Hartford, WI 53027,

ABC INSURANCE COMPANY,
a fictitious name for an unknown insurance company,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a foreign insurance corporation
c/o James F. Eldridge, Registered Agent
6000 American Parkway
Madison, WI 53783,

Civil Action No.

**COMPLAINT**

ERIC R. BECKER
W265 N6957 Thousand Oaks Drive
Sussex, WI 53089,

JOHN M. BECKER
W265 N6957 Thousand Oaks Drive
Sussex, WI 53089,

JULIE A. BECKER
W265 N6957 Thousand Oaks Drive
Sussex, WI 53089,

        Defendants.

---

NOW COME the above-named plaintiffs, by their attorneys, Cannon & Dunphy, S.C., and as and for their claims for relief, allege and show to the Court as follows:

## JURISDICTION AND VENUE

1. Plaintiffs' claims against the United States of America arise under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and this Court has original jurisdiction under the provisions of 28 U.S.C. § 1346(b), with respect to those claims.

2. This Court has supplemental jurisdiction over the plaintiffs' claims against the defendants, American Family Mutual Insurance Company, Eric R. Becker, John M. Becker, and Julie A. Becker, pursuant to 28 U.S.C. § 1367 as said claims are related to the claims against the United States of America.

3. Venue is proper in this Court as to plaintiffs' claims against the United States of America pursuant to 28 U.S.C. § 1402(b) because the plaintiffs reside in this judicial district and because the subject motor vehicle collision upon which this action is based occurred in this judicial district.

4. Venue is proper in this Court as to plaintiffs' claims against the defendant American Family Mutual Insurance Company pursuant to sec. 28 U.S.C. § 1391(c) because said defendant has contacts sufficient in this judicial district to subject it to personal jurisdiction in this judicial district.

5. Venue is proper in this Court as to plaintiffs' claims against the defendants Eric R. Becker, John M. Becker, and Julie A. Becker pursuant to sec. 28 U.S.C. § 1391(b) because said defendants reside in this judicial district and because the subject motor vehicle collision upon which this action is based occurred in this judicial district.

## PARTIES

6. That at the present time, the plaintiffs, K. Carla Mathews-Graham and Bruce Graham, are husband and wife, and adult citizens and residents of the State of Wisconsin, who reside at W383 N6305 Sand Beach Road, Oconomowoc, WI 53066.

7. That at the present time, the involuntary plaintiff, WEA Insurance Corporation (hereinafter "WEA"), is a Wisconsin insurance corporation, duly organized and existing under and by virtue of the laws of the State of Wisconsin, with offices of its Registered Agent, Michael L. Stoll, located at 45 Nob Hill Road, Madison, WI 53713; that WEA has paid medical and related bills and disability benefits on behalf of the plaintiff, K. Carla Mathews-Graham, as a result of injuries she sustained in the collision that is the subject of this lawsuit; that WEA has no legal right to subrogation or reimbursement despite its payment of benefits in the past or in the future, but by reason of such payments, WEA is a properly joined herein pursuant to Fed. R. Civ. P. 20(a)(1).

8. That at all times material to this lawsuit, the defendant, United States of America, was the employer, master, and principal of the defendant, Kathleen L. Shinkle, and was the owner of the vehicle driven by the defendant Kathleen L. Shinkle at the time of the subject motor vehicle collision upon which this action is based.

9. That at the time of the subject motor vehicle collision upon which this action is based, the defendant, Kathleen L. Shinkle, resided at 5236 Cherokee Court, Hartford, Wisconsin 53027.

10. That ABC Insurance Co. is the fictitious name of an unknown insurance company that issued a policy of liability insurance to or for the benefit of Kathleen L. Shinkle by the terms of which the insurer agreed to pay all sums for which Kathleen L. Shinkle might become liable as a consequence of her negligence, as alleged herein; that by reason of such insurance, the negligence Kathleen L. Shinkle, as alleged herein, ABC Insurance Co. is a proper defendant herein and is directly liable to the plaintiffs for their injuries and damages as alleged herein.

11. That at the present time, the defendant, American Family Mutual Insurance Company (hereinafter "American Family"), is a Wisconsin insurance corporation, duly organized and existing under and by virtue of the laws of the State of Wisconsin, with offices of its Registered Agent, James F. Eldridge, located at 6000 American Parkway, Madison, WI 53783; that said defendant is engaged in the business of writing and selling automobile liability insurance; that prior to the date of this collision, December 6, 2005, American Family issued a policy of liability insurance to the defendants, John M. Becker and/or Julie A. Becker, insuring a 1996 Chevrolet S-10 truck or anyone operating said vehicle with consent, including the

4

defendant, Eric R. Becker, against any liability imposed by law arising out of the negligent use of said vehicle, and further insuring its operator against any damages for which said operator might be liable to others by virtue of the negligent use of said vehicle, and not subject to any policy limitations; that said policy of insurance was in full force and effect at the time of this collision; that in said contract of insurance, American Family reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that American Family is a proper defendant herein and is directly liable to the plaintiffs for their injuries and damages as alleged herein.

12. That at the time of the subject motor vehicle collision upon which this action is based, the defendant, Eric R. Becker, date of birth 9/19/88, was a minor, residing at W265 N6957 Thousand Oaks Drive, Sussex, WI 53089; at all times material hereto, Eric R. Becker was operating the subject 1996 Chevrolet S-10 truck with the consent of the vehicle's owner.

13. That at the time of the subject motor vehicle collision upon which this action is based, the defendants, John M. Becker and Julie A. Becker, are adult citizens and residents of the State of Wisconsin, residing at W265 N6957 Thousand Oaks Drive, Sussex, WI 53089, and are the parents of the defendant, Eric R. Becker.

## GENERAL ALLEGATIONS

14. Reallege and incorporate herein by reference the allegations contained in the preceding paragraphs.

15. That on the 6th day of December, 2005, at approximately 3:00 p.m., Kathleen L. Shinkle was operating a United States Postal Service delivery truck on County Trunk Highway VV/Silver Spring Drive in the Town of Lisbon, Waukesha County, Wisconsin, when she made

a left turn into a driveway located at N67 W27019 County Trunk Highway VV/Silver Spring Drive into the path of the on-coming automobile operated by the defendant, Eric R. Becker; Mr. Becker swerved his automobile to the left in attempt to avoid a collision with the vehicle being operated by Ms. Shinkle and collided head-on with the vehicle operated by the plaintiff, Carla Mathews-Graham, who had been traveling behind the vehicle being operated by Ms. Shinkle and who slowed to pass the vehicle being operated by Ms. Shinkle on the right.

16. That the negligence of the defendants, as alleged herein, was a cause of the subject collision and permanent injuries and damages sustained by the plaintiff, K. Carla Mathews-Graham, including past and future pain, suffering, disability and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries and damages, all to her damage in an amount to be determined at a trial of this matter.

17. That upon information and belief, attached hereto as Exhibit 1 is a list of special damages that were reasonable and necessarily incurred by the plaintiff, K. Carla Mathews-Graham, as a result of the injuries and damages she sustained in the collision that is the subject of this lawsuit and that was caused by the negligence of the defendants, as alleged herein. The sum set forth in Exhibit 1 is undisputed, owed to plaintiff, and subject to Wis. Stat. § 628.46 interest, but is not exhaustive of all special damages reasonably and necessarily incurred by the plaintiff.

18. That as a result of the negligence of the defendants, as alleged herein, and the injuries and damages sustained by the plaintiff, K. Carla Mathews-Graham, as set forth above, the plaintiff, Bruce Graham, has suffered the loss of his wife's society, companionship and

consortium, and other compensable injuries and damages, all to his damage in an amount to be determined at a trial of this matter.

## FIRST CLAIM FOR RELIEF

19. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

20. That at all times material hereto, the vehicle operated by Kathleen L. Shinkle was owned by the United States of America, and the described collision occurred while Kathleen L. Shinkle was an employee of the United States of America acting within the scope of her office and employment for the United States Postal Service.

21. That at all times material hereto, Kathleen L. Shinkle was negligent and inattentive in the operation and use of the United States Postal Service delivery truck in that she, among other things, failed to yield the right-of-way to the automobile operated by the defendant, Eric R. Becker, failed to maintain a proper lookout, failed to maintain proper management and control of her vehicle, and was otherwise negligent.

22. That the negligence of Kathleen L. Shinkle, as alleged, was a cause of the collision between the vehicle operated by the plaintiff, Carla Mathews-Graham, and the vehicle operated by the defendant, Eric R. Becker.

23. That the negligence of Kathleen L. Shinkle, as alleged, was a cause of the injuries and damages sustained by the plaintiffs as set forth herein.

24. That on November 29, 2007, plaintiffs submitted their claims to the United States Postal Service; that the United States Postal Service was the appropriate Federal agency for presentment of said claim; that by May 29, 2008, said agency had failed to make a final

7

disposition of the plaintiffs' claims; that pursuant to 28 USC § 2675(a), the failure of said agency to make a final disposition of the plaintiffs' claims is a final denial of said claims.

## SECOND CLAIM FOR RELIEF

25. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

26. That at all times material hereto, the defendant, Eric R. Becker, was negligent in the operation and use of the subject 1996 Chevrolet S-10 truck in that he, among other things, failed to maintain a proper lookout, failed to maintain proper management and control of his vehicle, and was otherwise negligent.

27. The negligence of the defendant, Eric R. Becker, as alleged, was a cause of the subject collision and injuries and damages sustained by the plaintiffs as set forth herein.

## THIRD CLAIM FOR RELIEF

28. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

29. That on information and belief, on December 6, 2005, the defendant, Eric R. Becker, was under 18 years of age and had a valid Wisconsin driver's license.

30. That on information and belief, on December 6, 2005, the defendants, John M. Becker and/or Julie A. Becker had custody of the defendant, Eric R. Becker.

31. That on information and belief, the defendants, John M. Becker and/or Julie A. Becker, sponsored the defendant, Eric R. Becker, on his application for a Wisconsin driver's license.

8
Case 2:08-cv-00901-RTR    Filed 10/23/08    Page 8 of 10    Document 1

32. That the defendants, John M. Becker and/or Julie A. Becker, are jointly and severally liable with the defendant, Eric R. Becker, for any damages caused by his negligent acts committed on December 6, 2005.

## FOURTH CLAIM FOR RELIEF

33. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

34. That at all times material hereto, the defendants, John M. Becker and/or Julie A. Becker, negligently entrusted the 1996 Chevrolet S-10 truck to the defendant, Eric R. Becker, and were otherwise negligent.

35. The negligence of the defendants, John M. Becker and/or Julie A. Becker, as alleged, was a cause of the subject collision and injuries and damages sustained by the plaintiffs as set forth herein.

WHEREFORE, plaintiffs demand judgment as follows:

    a. For compensatory damages on behalf of K. Carla Mathews-Graham in an amount to be determined at a trial of this matter;

    b. For compensatory damages on behalf of Bruce Graham in an amount to be determined at a trial of this matter;

    c. For all costs, disbursements and actual attorney's fees, and all interest due and owing pursuant to applicable law;

    d. For a declaration that WEA has no legal right to subrogation or reimbursement;

9
Case 2:08-cv-00901-RTR    Filed 10/23/08    Page 9 of 10    Document 1

e. For a dismissal of any and all subrogation or reimbursement claims in this matter.

f. Such other and further relief as the Court may deem just and proper.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND A TRIAL IN THE ABOVE MATTER.**

Dated at Brookfield, Wisconsin this 23rd day of October, 2008.

CANNON & DUNPHY, S.C.
Attorneys for Plaintiffs

By: _____
Kevin R. Martin
State Bar No. 01045748

**P.O. ADDRESS:**

595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Phone: (262) 796-3728
Fax: (262) 796-3729